UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HANAN A.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:26-cv-00065-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). The parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

**BACKGROUND**

Plaintiff applied for SSI on July 5, 2016, alleging disability as of August 1, 2013. AR 2085. Her application was denied initially and upon reconsideration. *Id.* ALJ Larry Kennedy conducted a hearing in April 2018 and found plaintiff not disabled. AR 116-30. Upon plaintiff's request for review, the Appeals Council remanded the case in July 2019. AR 136-39. ALJ Howard Prinsloo conducted a second hearing and found plaintiff not disabled in June 2020. AR 13-27. Plaintiff appealed to this Court. AR 1790-91. On September 27, 2021, this Court remanded the case pursuant to stipulation by the parties. AR 1797-98.

While this appeal was pending, plaintiff filed a new SSI application and was found disabled beginning December 11, 2020, her protective filing date for the new application. AR 1715. On remand in March 2023, ALJ Prinsloo found plaintiff not disabled for the period before December 11, 2020.[1] AR 1714-33.

The Appeals Council denied plaintiff's request for review and she subsequently appealed to this Court. AR 2159-62. On July 23, 2024, this Court reversed the ALJ's decision and remanded for further proceedings, finding the ALJ erred by finding plaintiff's right knee osteoarthritis was not a severe impairment and rejecting plaintiff's testimony. AR 2167-75. On remand, ALJ Malcom Ross held another hearing and again

---

[1] Although plaintiff alleged disability beginning August 1, 2013, the relevant period for her SSI claim is between July 5, 2016 (the protective filing date) and December 10, 2020.

found plaintiff not disabled before December 11, 2020. AR 2085-2106. The ALJ found plaintiff had the following severe impairments: right knee osteoarthritis, affective disorder, and anxiety disorder. AR 2088. He found plaintiff could perform medium work with exertional and non-exertional limitations. AR 2092. Based on the testimony of a vocational expert, the ALJ found plaintiff could perform work existing in the national economy and was therefore not disabled. AR 2104-06.

## DISCUSSION

### 1. Medical Evidence

Plaintiff filed her application before March 27, 2017; under the applicable regulations, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." *Lester,* 81 F.3d at 830; 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester,* 81 F.3d at 831. However, "it may constitute substantial evidence when it is consistent with

other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001). "In order to discount the opinion of an examining physician in favor of the opinion of a non-examining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (citing *Lester,* 81 F.3d at 831).

Plaintiff argues that the ALJ failed to properly consider the opinion of state agency medical consultant Wayne Hurley, M.D., and did not give specific and legitimate reasons for rejecting the opinions of Brenda Havellana, Ph.D., and Jenna Yun, Ph.D. Dkt. 11 at 1.

**a. Wayne Hurley, M.D.**

Dr. Hurley, a state agency medical consultant, reviewed plaintiff's December 2020 SSI claim at the initial level. AR 1806-12. He found plaintiff was limited to light work, which directed a finding of disability under the medical-vocational grids due to plaintiff's age. AR 1812.

The ALJ did not discuss Dr. Hurley's opinion in his decision. Plaintiff contends that Dr. Hurley's opinion related back to at least December 2018 and thus argues that the ALJ should have considered this opinion in his decision. Dkt. 11 at 6. Plaintiff's argument is based on the evidence reviewed by Dr. Hurley, which primarily consisted of a September 2021 consultative examination and a December 2020 knee x-ray. Dkt. 11 at 6; AR 1806-08. She contends that his opinion relates back to at least December 2018 because a knee x-ray in that month showed the same degree of osteoarthritis as the December 2020 knee x-ray. Dkt. 11 at 6.

Plaintiff's argument that Dr. Hurley's opinion necessarily relates back to 2018 is unpersuasive. Dr. Hurley specifically found her established onset date to be December 11, 2020, and did not review evidence that pre-dated this time by more than twelve months. AR 1812. Plaintiff's 2018 x-ray was not included in the evidence received in connection with the 2020 SSI application. *See* AR 1806. There is no indication that Dr. Hurley intended his opinion to be retrospective. *See Mack v. Berryhill,* Case No. 17-cv-1142-KS, 2018 WL 2459917, at *4 (C.D. Cal. May 30, 2018) (finding an inference a medical opinion was retrospective to be unwarranted "[i]n the absence of evidence that [the doctor] was purporting to describe Plaintiff's limitations for the relevant period").

Even so, the ALJ erred by failing to discuss Dr. Hurley's opinion at all. The ALJ must consider and evaluate every medical opinion of record. 20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). And although Dr. Hurley's opinion was dated after the period under review by the ALJ, evidence concerning a claimant's disability after the relevant period may be probative of disability during the relevant period. *See, e.g.*, *Diedrich v. Berryhill,* 874 F.3d 634, 640-41 (9th Cir. 2017); *Fair v. Bowen,* 885 F.2d 597, 600 (9th Cir. 1988) (noting that "it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability").

**b. Brenda Havellana, Ph.D.**

The ALJ erred by rejecting Dr. Havellana's assessment. Dr. Havellana examined plaintiff in October 2016. AR 482-87. She found that plaintiff's depression and anxiety would likely significantly impact her motivation to engage consistently in a vocational setting and would thus impact her absenteeism and tardiness rates. AR 487. The ALJ

gave Dr. Havellana's opinion partial weight. AR 2103. He gave less weight to certain limitations, especially those applying to absenteeism, because they were speculative in nature and inconsistent with treatment notes showing generally intact functioning and a lack of emergency treatment or hospitalization. *Id.*

An uncontradicted opinion of an examining physician may only be rejected for clear and convincing reasons, supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). An ALJ must specifically explain why a physician's opinion was flawed. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Here, the ALJ summarily concluded that Dr. Havellana's opinion was speculative and there is no discussion of why the ALJ determined the opinion to be speculative. *See Bonifas v. Berryhill*, Case No. 2:17-cv-00395-DWC, 2017 WL 4402228, at *7 (W.D. Wash. Oct. 4, 2017) (rejecting an ALJ's reasoning that an absenteeism limitation was speculative).

Further, a claimant may suffer from mental health impairments that prevent her from working but do not require psychiatric hospitalization. *Schiaffino v. Saul,* 799 F. App'x 473, 476 (9th Cir. 2020) ("Hospitalization is not required to show that mental health conditions such as PTSD, OCD, and anxiety are disabling from employment."). Plaintiff's lack of inpatient psychiatric treatment is therefore not inconsistent with Dr. Havellana's opinion.

**c. Jenna Yun, Ph.D.**

Dr. Yun, an examining physician, opined in 2017 and 2019 that plaintiff was markedly to severely limited in several work-related activities. AR 668-72, 1434-42. The ALJ gave little weight to Dr. Yun's opinions, finding that they lacked support because

they were based primarily on plaintiff's reports and included objective evidence indicative of generally intact functioning. AR 2101-02. The ALJ also found Dr. Yun's opinions inconsistent with the medical evidence and plaintiff's own statements. *Id.*

Plaintiff argues that Dr. Yun did not discredit plaintiff's complaints and supported her opinion with her own observations. Dkt. 11 at 18 (citing *Ryan v. Comm'r Soc. Sec. Admin.,* 528 F.3d 1194, 1199-1200 (9th Cir. 2008)). An ALJ may reject a physician's opinion premised to a large extent on a claimant's self-reported symptoms where the ALJ has properly rejected the claimant's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 602 (9th Cir. 1999). But this rule does not apply in the same manner to opinions regarding mental illness because such "[d]iagnoses will always depend in part on the patient's self-report[.]" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Thus, even if the Court assumed for purposes of this analysis that the ALJ properly rejected plaintiff's symptom testimony, Dr. Yun's partial reliance on self-reported symptoms is not a reason to reject her opinions regarding work-related limitations of plaintiff's mental illness. Further, Dr. Yun also conducted a clinical interview and mental status examination, which are objective measures and cannot be discounted as a self-report. *Id.*

The ALJ further found Dr. Yun's opinions lacked support because her reports included objective evidence indicative of generally intact functioning. AR 2102. The ALJ did not explain what this objective evidence was nor did he provide any record citations. In the absence of such explanation, this was not a specific and legitimate reason to reject Dr. Yun's opinions. *See Embrey*, 849 F.2d at 421 (an ALJ may satisfy the burden of providing specific and legitimate reasons "by setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.").

The ALJ further found Dr. Yun's opinion inconsistent with the medical evidence which showed appropriate behavior; an ability to communicate; no acute abnormalities of consciousness, orientation, or thought content; and an ability to follow a medication regimen, reliably attend doctor's appointments, and interact with medical providers. AR 2102.

Yet, the evidence identified by the ALJ is not inconsistent with Dr. Yun's opinion. Appropriate behavior and communication in the context of a medical appointment do not demonstrate that plaintiff could maintain the same in a work environment. *Eugene H. v. Comm'r of Soc. Sec.,* Case No. 22-cv-5474-MAT, 2023 WL 3018448, at *3 (W.D. Wash. Apr. 20, 2023). And attendance at medical appointments is not comparable to a full-time work schedule of eight hours per day, five days per week. *Carolina M. H. v. Comm'r of Soc. Sec.,* Case No. 2:21-cv-00212-TLF, 2021 WL 5937167, at *3 (W.D. Wash. Dec. 16, 2021). Further, Dr. Yun's opined limitations were based on plaintiff's anxiety, depression, insomnia, and associated fatigue, which are not inconsistent with a lack of abnormalities in consciousness, orientation, or thought content.

The ALJ also found Dr. Yun's limitations inconsistent with plaintiff's statements that she could adhere to a routine, prepare simple meals, drive, shop in stores, and interact normally with family members. AR 2102 (citing testimony, AR 294-301, 313-20, 321-22). Plaintiff argues that she reported spending most of her time on the couch, doing no household chores, and having difficulty with personal care, cooking, and social activities. Dkt. 11 at 19. Plaintiff explained in her function reports that she only goes

shopping every few months, rarely prepares any meals; she relies on her children to complete household chores, prepare meals, and assist her with personal care. AR 44-45, 69, 295-97, 314-16, 1751-52. Such limited activities are not inconsistent with Dr. Yun's opinion.

The ALJ erred by rejecting the opinions of Dr. Yun and Dr. Havellana, and in failing to consider the opinion of Dr. Hurley. These errors were harmful, as they resulted in a deficient residual functional capacity that does not include relevant work-related limitations. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

**2. Plaintiff's Testimony**

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a claimant's credibility, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding the severity of her symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). Plaintiff argues that the ALJ did not give clear and convincing reasons for rejecting her testimony that she was physically limited due to fatigue. Dkt. 11 at 8.

The ALJ found that "the argument that fatigue from depression would prevent medium work . . . requires creation of an unestablished physical impairment from the

claimant's mostly situational complaints." AR 2096. This was not a clear and convincing reason for rejecting plaintiff's testimony. The ALJ found plaintiff's affective disorder was a severe impairment. AR 2088.

Decreased energy is a recognized symptom of depressive, bipolar, and related disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(A)(1)(f). Further, the agency has noted that although mental impairments usually affect nonexertional functions, they may also limit exertional capacity by affecting one or more of the seven strength demands. *See* SSR 96-8p, 1996 WL 374184, at *6 (July 2, 1996) ("For example, a mental impairment may cause fatigue[.]"). The ALJ erred by deciding that plaintiff's statements about fatigue-related strength and energy depletion require creation of an unestablished physical impairment.

The ALJ also explained that plaintiff's symptoms worsened when two of her children were battling life-threatening illnesses. AR 2096. A finding that a claimant's mental health symptoms were caused by situational stressors can serve as a clear and convincing reason for rejecting a claimant's allegations. *Chesler v. Colvin,* 649 F. App'x 631, 632 (9th Cir. 2016) (symptom testimony properly rejected in part because the record supported the ALJ's conclusion that the claimant's symptoms were situational). But the ALJ did not identify evidence or cite any portion of the record in support of this analysis that plaintiff's symptoms were a result of situational stressors rather than her underlying severe impairments. To be sufficiently specific, the ALJ must link his reasoning to evidence in the record. *Embrey,* 849 F.2d at 422.

Further, mental health conditions may presumably cause life stressors or difficulty dealing with life stressors, so the mere fact that plaintiff experienced such

stressors does not mean her symptoms were caused by them. *See Gervonda S. v. Berryhill*, Case No. 3:18-cv-05130-JRC, 2019 WL 157940, at *4 (W.D. Wash. Jan. 9, 2019).

The ALJ found plaintiff's allegations of severe fatigue inconsistent with her statements to providers. AR 2096. He noted that plaintiff stated she did not nap or inadvertently fall asleep during the day, could care for her four children, and stated that she was so busy during the daytime that she forgets to eat. *Id.* (citing AR 496, 530, 602). He also cited a February 2018 statement that plaintiff generally feels well, but "just feels very tired." *Id.* (citing AR 756). None of the cited statements are inconsistent with plaintiff's allegations of fatigue.

First, plaintiff's statements that she does not nap or fall asleep inadvertently during the day and that she is so busy she forgets to eat were both made prior to the alleged onset date and are accordingly of limited relevance. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008). Second, plaintiff explained in her function reports that her children care for each other and that she does no household chores or meal preparation. AR 295-96, 314-15. The lay witness statements submitted by plaintiff's children verify these reports. *See* AR 351-55, 356-60, 361-65. And plaintiff's statement that she feels very tired is consistent with allegations of fatigue. *See* Webster's Dictionary (defining fatigue as "weariness or exhaustion from labor, exertion, or stress"); Stedman's Medical Dictionary 323340 (defining fatigue as "that state…characterized by a lessened capacity or motivation for work and reduced efficiency of accomplishment, usually accompanied by a feeling of weariness, sleepiness, irritability, or loss of ambition").

Plaintiff also challenges the ALJ’s reasons for rejecting her testimony concerning her degree of limitation due to symptoms of depression and anxiety. Dkt. 11 at 12. Of the ALJ’s five enumerated reasons for rejecting her testimony, three concerned whether plaintiff’s testimony had objective support in the record. *See* AR 2093-94. The ALJ made general findings that plaintiff maintained grossly intact cognitive and emotional functioning and has presented in essentially minimal and stable psychiatric condition throughout the relevant period. AR 2093. In doing so, the ALJ ignored significant relevant evidence supporting plaintiff’s testimony. Plaintiff consistently reported feeling depressed, unmotivated, and that she would spend all day on the couch unable to move. *See* AR 479, 481, 689, 694. She is frequently observed as tired or fatigued and has regularly displayed severe deficits in concentration and memory. *See, e.g.*, AR 666, 677, 695, 1373, 2042-43.

The ALJ may not cherry-pick evidence to discount a claimant’s testimony, nor may the ALJ “justify a credibility finding “by ignoring competent evidence in the record that suggests an opposite result.”” *Diedrich,* 874 F.3d at 643 (quoting *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984)). Accordingly, a lack of supporting evidence was not a clear and convincing reason to reject plaintiff’s testimony.

The ALJ also found plaintiff’s testimony inconsistent with the fact that her treating providers did not recommend or prescribe more aggressive treatment such as inpatient therapy. AR 2093. As explained above in relation to Dr. Havellana’s opinion, a claimant may suffer from mental health impairments that prevent her from working but do not require psychiatric hospitalization. *Schiaffino,* 799 F. App’x at 476. Further, plaintiff was prescribed antidepressants and attended therapy regularly throughout the relevant

period. AR 483, 663, 829, 2037. Treatment with psychiatric medications is not conservative. *See Drawn v. Berryhill,* 728 F. App'x 637, 642 (9th Cir. 2018) (finding the ALJ improperly characterized a claimant's treatment as "limited and conservative" when she was prescribed a number of psychiatric medications).

Finally, the ALJ rejected plaintiff's testimony as inconsistent with her activities of daily living. AR 2093. As discussed above in relation to Dr. Yun's opinion, plaintiff's function reports and hearing testimony indicate that she spends the majority of her time sitting on her couch, does not prepare meals or complete household chores, and has little social interaction other than with her children. AR 44-45, 69, 295-97, 314-16, 1751-52. Such limited activities are not inconsistent with her testimony. *See Cooper v. Bowen,* 815 F.2d 557, 561 (9th Cir. 1987) (finding a claimant need not "vegetate in a dark room" to be eligible for benefits); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("One does not need to be "utterly incapacitated" in order to be disabled.").

In sum, the ALJ erred by failing to give clear and convincing reasons for rejecting plaintiff's testimony. Such error is harmful as it has resulted in a deficient residual functional capacity that does not include relevant work-related limitations. *Stout,* 454 F.3d at 1054.

**3. Remedy**

Plaintiff argues that the Court should remand for an award of benefits. Dkt. 11 at 19-20. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should

remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. In general, the Court applies the "credit-as-true" factors and will remand for calculation and award of benefits under these circumstances when, (1) there is a fully developed record and further administrative proceedings would serve no useful purpose; (2) the ALJ relied on legally erroneous reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the Court credits as true the improperly discredited evidence, the ALJ would be required to find the claimant disabled on remand. *Ortiz v. Bisignano,* 179 F.4th 691, 706 (9th Cir. 2026) (quoting *Trevizo*, 871 F.3d at 682-83). The "'rare' possible exception" occurs if the record as a whole leaves the Court with serious doubt about whether claimant is disabled; if this exception applies, the Court remands for further development of the record. *Ortiz,* 179 F.4th at 706.

The Court has found several errors in the ALJ's evaluation of plaintiff's testimony and the medical opinion evidence. The Court is mindful that, in light of the existing finding that plaintiff was disabled as of December 11, 2020, a remand for further proceedings in this case would be of limited utility, as no new testimony or medical evaluations regarding plaintiff's condition during the period at issue would be forthcoming, and providing another opportunity to assess improperly evaluated evidence does not qualify as a remand for a "useful purpose" under the first part of the

credit as true analysis. *Garrison*, 759 F.3d at 1021-22, (citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")).

If the opinions of Drs. Havellana and Yun were credited as true, particularly Dr. Havellana's opinion that plaintiff's depression and anxiety would significantly impact her absenteeism and tardiness rates, the ALJ would be required to find plaintiff disabled on remand. AR 487; *see Lingenfelter*, 504 F.3d at 1041 ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits.").

Accordingly, remand for an award of benefits is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the Court reverses and remands the ALJ's decision for an award of benefits.

Dated this 13th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge